**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3213
_____

ANDRE COLLIER,
                          Appellant

v.

JIMMY EDGER, Supervisor/Manager; JASON PEARLMAN, Human Resources;
ANDREW STEVENSON, Plant Manager, a/k/a ANDY; TRANE U.S. INC., a/k/a
INGERSOL RAND

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 3-16-cv-05430)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: April 16, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Andre Collier appeals the District Court's dismissal of his complaint. For the reasons that follow, we will affirm the District Court's judgment.

In September 2016, Collier filed a complaint alleging workplace discrimination against a number of defendants. The District Court dismissed Collier's complaint without prejudice on August 7, 2017 on defendants' motion. The Court concluded that Collier's complaint was untimely filed after the Equal Employment Opportunity Commission sent him a Notice of Right to Sue. However, the Court provided Collier with thirty days to file an amended complaint that alleged grounds for equitable tolling and informed him that if he did not file an amended complaint by that deadline, his complaint would be dismissed with prejudice. On September 22, 2017, two weeks after the deadline passed with no response from Collier, the District Court dismissed his complaint with prejudice. Collier timely appealed, pro se.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of Collier's complaint. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

Collier does not challenge the District Court's initial dismissal of his complaint; thus, he has waived any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"). Collier contests the Court's subsequent dismissal of his complaint with prejudice but does not explain how his claims could have survived dismissal. The District Court, having nothing left to adjudicate,

2

merely finalized its prior dismissal of Collier's complaint on the merits after Collier did not present any new allegations that would permit his claims to survive dismissal.

Collier's sole argument in support of his appeal is that his counsel negligently failed to file an amended complaint by the District Court's deadline. However, a "party is deemed bound by the acts of his lawyer," particularly where the party has not availed itself of a remedy such as the "escape hatch provided by [Federal Rule of Civil Procedure] 60(b)."[1] See Link v. Wabash R. Co., 370 U.S. 626, 634 (1962); cf. Boughner v. Sec'y of Health, Ed. & Welfare, U. S., 572 F.2d 976, 978 (3d Cir. 1978). Therefore, we will affirm the District Court's dismissal of Collier's complaint.

---

[1] We note that Collier mailed two letters to the District Court in October 2017, after he filed his notice of appeal. He stated that he had been unaware of the initial dismissal and that he would have submitted an amended complaint himself if he had known that one was required and that his attorney had not been planning to file one. As these letters post-dated Collier's notice of appeal, their handling is not properly before us. The District Court may consider whether Collier's assertions provide a basis for reopening the matter, if it so chooses. See Fed R. Civ. P. 60(b).